FILED

OCT 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50128 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00385-SVW-1 |
| v. | |
| ROBERT COOK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted October 7, 2013
Pasadena, California

Before: REINHARDT, KLEINFELD, and CHRISTEN, Circuit Judges.

Robert Cook appeals his conviction of two counts of making interstate

threats in violation of 18 U.S.C. § 875(c) and one count of interstate stalking in

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

violation of 18 U.S.C. § 2261A(2)(A). We have jurisdiction under 28 U.S.C. § 1291 and affirm in part and reverse in part.

1.We affirm Cook's convictions on Counts 1 and 2 for making interstate threats in violation of 18 U.S.C. § 875(c). First, there was sufficient evidence to support the jury's verdict on those counts. The text of the phone messages ("it's going to get bloody"), their first-person nature ("You're going to pay for the pain you're putting me through."), their menacing tone, and their context (Cook's repeated calls and his probation officer telling him to stop) were sufficient for a finding that both threats were "true," that is, that Cook intended them to be perceived as threats. *See United States v. Bagdasarian*, 652 F.3d 1113, 1122–23 (9th Cir. 2011).[1] The same evidence also supports a finding that both threats were "true" under the objective standard.[2] *See id.* at 1119–22. Second, any mistake by the district court in articulating the elements of a threat when it ruled on Cook's Rule 29 motion is irrelevant to the question of whether there was sufficient evidence to

---

[1] This Court has not decided whether the "any reasonable juror" sufficiency of the evidence standard or de novo review should apply to a determination that a threat is "true." *Bagdasarian*, 652 F.3d at 1119 n.17. We need not decide this question, as the outcome is the same under either standard.

[2] The jury was instructed that both the objective and subjective standards must be proven beyond a reasonable doubt in order to find "true threats."

2

support a conviction. Third, any misconduct by the prosecutor in questioning Patricia Griffith during the jury trial was without prejudice given the admissible evidence supporting the verdict and the trial court's comprehensive curative instruction. *See United States v. Aichele*, 941 F.2d 761, 765 (9th Cir. 1991).

2. We reverse the conviction on Count 3 (stalking) because the district court failed, after a bench trial on that count, to find the elements of the crime charged. Count 3 charged Cook with violating 18 U.S.C. § 2261A(2)(A), which requires "intent to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress." Orally, the district court found that Cook intended to place his victim "in reasonable fear of death or serious injury to herself or her spouse or intimate partner." This is § 2261A(2)(B), not (A). In the written judgment, the court found that Cook intended to "harass [the victim], *or* to place [the victim] in reasonable fear of the death of or serious injury to herself." This is § 2261A(2)(A) *or* (B). The "or" in the written findings prohibits us from finding that the district court found (A) rather than (A) or (B), and therefore we reverse the conviction.

3

3. Finally, we note that the government acted improperly when it described in great detail the factual underpinnings of Cook's prior conviction in its brief under the deceptive heading "The Offense Conduct." Details concerning Cook's prior criminal acts appear to have been included in the government's brief to inappropriately influence our resolution of the issues on appeal.

**AFFIRMED IN PART AND REVERSED IN PART.**